UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL MARIE STEVENS,

    Plaintiff,

v.                                         Case No. 1:17-cv-499

                                              Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,

_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB).

Plaintiff alleged a disability onset date of July 3, 2014. PageID.414. Plaintiff identified her disabling conditions as venous insufficiency and possible carpal tunnel syndrome. PageID.417. Prior to applying for DIB, plaintiff completed about one year of college and had past employment as a general inspector, rebuilder, machine feeder, numerical control machine operator, and press operator. PageID.92, 157. An Administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on November 14, 2016. PageID.69-79. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 3, 2014, and meets the insured status requirements of the Social Security Act through December 31, 2018. PageID.71.

At the second step, the ALJ found that plaintiff had severe impairments of: mild carpal tunnel syndrome (CTS), degenerative joint disease of the cervical spine, degenerative joint disease of the right shoulder, obesity, and chronic headaches. PageID.71. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.72.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is unable to climb ladders/ropes/scaffolds and crawl. She is unable to overhead reach with the right upper extremity and is limited to frequent (as opposed to constant) handling and fingering of objects bilaterally. She must avoid even moderate exposure to excessive vibration. She must avoid prolonged and repetitive flexion, extension, or hyperextension of the neck.

PageID.72.

The ALJ also found that plaintiff is capable of performing her past relevant work as a general inspector, work which does not require the performance of work-related activities precluded by plaintiff's residual functional capacity (RFC). PageID.77.

However, the ALJ continued to the fifth step, stating that in the alternative, plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.78-79. Specifically, the ALJ found that plaintiff could perform unskilled, light work in the national economy such as counter clerk (55,000 jobs), records clerk (46,000 jobs), and information clerk (54,000 jobs). PageID.78-79. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from July 3, 2014 (the alleged onset date) through November 14, 2016 (the date of the decision). PageID.79.

### III. DISCUSSION

Plaintiff set forth two issues:

**A. Dr. Harro -- plaintiff's treating physician -- gave the opinion that plaintiff could not engage in any substantially gainful employment based on his objective and subjective findings and observations. Dr. Harro's opinion was consistent with the record evidence and supported by his detailed explanation of the basis for his opinion. It was error for the ALJ to give little weight to Dr. Harro's opinion and the ALJ's finding in that regard was not supported by substantial evidence.**

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. §416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques;

and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. §404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ addressed Dr. Harro's treatment and opinion as follows[1]:

> The claimant received orthopedic follow up with Daniel Harrod, M.D., in June 2015. She described bilateral wrist stiffness, tingling, numbness, weakness and pain as well as neck pain with proximal numbness. A physical exam showed slightly decreased appreciation to light touch on her finger tips. Yet she had good thenar and intrinsic muscle function and full motion of the shoulder, elbow and wrist. There was positive hyperabduction maneuver noted. A recent electrodiagnostic study was unremarkable except for some "mild" carpal tunnel bilaterally. An assessment included bilateral carpal tunnel syndrome and remained cervical spine spondylosis, and neck pain. A plan for care was a conservative protocol, diet modification, and smoking cessation (Ex. 9F/7/8). . . .
>
> Treatment records from Dr. Harrod dated from February 2016 to October 2016 showed general care for a variety of conditions including chronic pain, neck pain, headaches, hypothyroidism, muscle pain, obesity (62 inches tall, 216 pounds), tobacco use, bilateral leg pain, foot tendinitis, hand paresthesias, and toenail lifting. There were generally unremarkable physical inspections and these conditions were largely treated with ongoing conservative remedies (Ex. 13F; 14F; 16F). . . .
>
> I gave little weight to the statement of disability from Dr. Harrod, dated October 2016. Dr. Harrod reported that her chronic conditions were active and rendered her unable to sustain gainful employment. I gave limited weight to this opinion, as it was unsupported by the record as a whole, and inconsistent with his contemporaneous treatment records. Rather, the claimant's allegations do not reflect symptoms and limitations that the above RFC does not accommodate. Dr. Harrod's treatment notes most notably in exhibits 9F, 13F, 14F and 16F, do not document findings to support the limits in this opinion. Further, the medical evidence of record does not support this level of impairment and since statements of disability remain reserved for the Commission, I find little weight is appropriate for this opinion. In addition, as discussed in this decision, the claimant admitted to abilities exceeding the limitations the doctor assessed (Ex. 15F).

---

[1] The Court notes that the ALJ sometimes refers to Dr. Harro as "Dr. Harrod".

PageID.75-77.

Dr. Harro's opinion, identified as Exhibit 15F, consists of three sentences:

To whom it may concern:

April Stevens was seen today for continued evaluation of her chronic condition. Her history and exam remain unchanged. Because of these active problems she would be unable to sustain gainful employment.

PageID.725.

The regulations define a medical opinion as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). In the Court's opinion, Dr. Harro's three-sentence letter does not constitute an opinion as contemplated by the regulations. This cryptic letter contains less substance than a "check box" form which courts have found to be deficient. *See, e.g., Ellars v. Commissioner of Social Security*, 647 Fed. Appx 563, 566 (6th Cir. 2016) ("[m]any courts have cast doubt on the usefulness of these forms and agree that administrative law judges may properly give little weight to a treating physician's check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings") (internal quotation marks omitted).

Nevertheless, the ALJ reviewed Dr. Harro's opinion and gave it little weight. First, the ALJ observed that opinion was nothing more than a statement that plaintiff was "unable to sustain gainful employment." Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Services*, 790 F.2d. 450, 452 (6th Cir. 1986). The determination of disability is the prerogative of the Commissioner, not the treating physician. *See Houston v. Secretary of Health and Human*

7

*Services*, 736 F.2d 365, 367 (6th Cir. 1984). Second, the ALJ noted that plaintiff "admitted to abilities exceeding the limitations the doctor assessed" when she received unemployment benefits in July and August 2014 and certified to the State of Michigan that she was willing and able to accept a job. PageID.77, 112. Accordingly, plaintiff's claim of error will be denied.[2]

> **B. The ALJ found that plaintiff had the residual functional capacity (RFC) to perform light work with several restrictions, including avoiding prolonged and repetitive flexion of the neck. The vocational expert testified that the restrictions on flexion of the neck would preclude employment. Despite this testimony, the ALJ still found that plaintiff could perform her past work as an inspector and other light-work positions. This finding was in error and not supported by substantial evidence.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). Here, the ALJ found that plaintiff had the RFC to perform a limited range of light work, which included the restriction that "[s]he must avoid prolonged and repetitive flexion, extension, or hyperextension of the neck." PageID.72.

At the administrative hearing, plaintiff's counsel attempted to establish that plaintiff was unable to perform other work because those jobs required flexion of the neck:

> Q   And assuming those [inspection or clerk] jobs also require flexion of the neck that require - -
>
> A   Yes.
>
> Q   - - basically all the time?

---

[2] The Court notes that plaintiff's brief refers to a letter which Dr. Harro wrote to the Appeals Council in February 2017. This letter is not part of the administrative record under review. "[E]vidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

> A       Correct.
>
> Q       And assuming she can't do that, she couldn't do any of those jobs?
>
> A       That's correct.

PageID.161-162.

The ALJ followed up this line of questioning with the VE:

> Q       Now, if she did have a job where she would have to avoid prolonged and repetitive rotation, flexion, or hyperextension of the neck, would that impact the counter clerk, record clerk, or information clerk jobs that you gave me?
>
> A       No, I would hold to those positions cited. The information clerk, when we were discussing the use of the hands, would also be at a frequent rate, so that position or those positions would be struck. Both counter clerks and record clerks were at occasional use of the hands so those would hold.
>
> Q       Okay. But I'm saying if we kept it at frequent [i.e., use of the hands] but had just the neck limitations added to my hypothetical, would that eliminate or change any of those jobs?
>
> A       No. I would hold to those positions cited.
>
> Q       Okay. But with occasional those would all be struck?
>
> A       With the use of the hands?
>
> Q       Right.
>
> A       No, the record clerk and counter clerk would hold.
>
> Q       Would still be good?
>
> A       Correct.

PageID.162-163.

Based on this record, it appears to the Court that the VE's testimony did not support the ALJ's finding at step four that plaintiff could perform her past relevant work as a general inspector, because that job would be eliminated due to the limitation that plaintiff "avoid prolonged and repetitive rotation, flexion, or hyperextension of the neck." However, the alternative finding

9

at step five established that plaintiff could perform the counter clerk and records clerk jobs with the neck restrictions and "frequent" handling. While it appears that the ALJ's step four finding is supported by substantial evidence, the alternative result finding that plaintiff was not disabled at step five is supported by substantial evidence in the form of the VE's testimony.

Under these circumstances, there is no reason to remand this case to correct the apparent error at step four, because plaintiff's claim ultimately failed at step five. "No principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). "When 'remand would be an idle and useless formality,' courts are not required 'to convert judicial review of agency action into a ping-pong game.'" *Kobetic v. Commissioner of Social Security*, 114 Fed. Appx. 171, 173 (6th Cir. 2004), quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969). Accordingly, plaintiff's claim of error will be denied.

### IV.   CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated:  September 18, 2018               /s/ Ray Kent
                                                          United States Magistrate Judge